RESOLUCIÓN
El 13 de julio de 2007 expedimos el auto de certiorari solicitado por la parte peticionaria, Centro de Recaudación de Ingresos Municipales (C.R.I.M.). Estando el recurso pendiente para la resolución en los méritos, el 13 de sep-tiembre de 2010 el C.R.I.M. presentó un escrito titulado “Moción para informar sobre acuerdo de transacción y para solicitar que se decida el caso por no ser académico, y en la alternativa, que se anule la sentencia adversa del Tribunal de Apelaciones”.
En esa moción, el C.R.I.M. señala que firmó un acuerdo de transacción con la recurrida Borinquen Container, Corp. (Borinquen) para ponerle fin a éste y otros 15 pleitos. Añade que aun cuando dicho acuerdo fue efectivo el 27 de agosto de 2010, debemos resolver el caso de epígrafe debido a que éste cae dentro de una de las excepciones de la doc-trina de academicidad. En la alternativa, nos plantea que si determinamos que el caso es académico entonces debe-mos anular la sentencia recurrida, la cual fue emitida el 11 de abril de 2007 por el Tribunal de Apelaciones.
El 16 de septiembre de 2010 concedimos un término de *164 10 días para que Borinquen se expresara en cuanto a la moción presentada por el C.R.I.M. Habiendo transcurrido dicho término sin presentar su respuesta, el 7 de octubre de 2010 concedimos un término final e improrrogable para que Borinquen cumpliera con lo ordenado. Así, pues, el 8 de octubre de 2010 la parte recurrida presentó su moción en cumplimiento de orden.
Luego de evaluar los escritos de las partes, resolvemos que la controversia del caso de epígrafe se ha tornado aca-démica debido a la transacción realizada entre el C.R.I.M. y Borinquen. (1) Por lo anterior, se devuelve el caso al foro de instancia para que desestime la demanda por haberse tornado académica.
Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente Señor Hernández Denton emitió un voto concurrente, al cual se unió la Juez Aso-ciada Señora Rodríguez Rodríguez.
(.Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo

Voto concurrente emitido por el Juez Presidente Señor Hernández Denton, al cual se une la Juez Asociada Se-ñora Rodríguez Rodríguez.
Emitimos este voto particular para expresar nuestra concurrencia con el resultado al que llega este Tribunal en *165 el caso de autos. No tenemos duda de que la controversia en este caso se tornó académica debido al acuerdo de tran-sacción suscrito por las partes mientras el recurso de epí-grafe estaba pendiente de resolución en este Tribunal. No obstante, por las razones que exponemos a continuación, diferimos de los fundamentos invocados por el Tribunal.
El 13 de julio de 2007 expedimos el recurso de certiorari solicitado por el Centro de Recaudación de Ingresos Muni-cipales (C.R.I.M.). Estando el caso pendiente de resolución en los méritos, el 13 de septiembre de 2010, el C.R.I.M. presentó una “Moción para informar sobre acuerdo de transacción y para solicitar que se decida el caso por no ser académico, y en la alternativa, que se anule la sentencia adversa del Tribunal de Apelaciones”. En dicho escrito, el C.R.I.M. nos informa que suscribió un acuerdo de transac-ción con Borinquen Container Corp. que puso fin al pleito. No obstante, nos solicita que resolvamos la controversia planteada debido a que se configura una de las excepciones a la doctrina de academicidad. A tales efectos, el C.R.I.M. arguye que la controversia planteada en este caso es susceptible de repetirse entre otros contribuyentes y el C.R.I.M. o el Secretario de Hacienda.
Como resuelve este Tribunal, no le asiste la razón al C.R.I.M. Resulta claro que la controversia en este caso se tornó académica tan pronto las partes llegaron a un acuerdo que puso fin al conflicto entre las partes y fue rati-ficado por éstas. En tales circunstancias, no se configura la excepción a la doctrina de academicidad basada en la recu-rrencia de la controversia.
Al resolver como lo hace, el Tribunal en efecto reconoce que una controversia puede tornarse académica mientras está pendiente un recurso apelativo. Esa fue precisamente nuestra posición en Pueblo v. Pagán Medina, 177 D.P.R. 842 (2010), voto disidente, en el cual sostuvimos que mien-tras estaba pendiente una moción de reconsideración de la Procuradora General, ocurrió un cambio fáctico que a to- *166 das luces convirtió en académica dicha petición. Asimismo, entendimos que, en ese caso, no se configuraba la excep-ción a la doctrina de academicidad basada en la recurren-cia de la controversia. Como se sabe, esta excepción aplica solamente en aquellas circunstancias especiales en las que existe una probabilidad sustancial de que la controversia se repita y evada la revisión judicial. Como bien señala el profesor Álvarez González en su obra sobre derecho cons-titucional:
La excepción de recurrencia (“capaz de repetirse, pero evadir revisión judicial”) intenta delimitar aquellas situaciones en que la controversia se ha tornado académica debido a circuns-tancias de tiempo íntimamente relacionadas con su natura-leza, por lo que es razonable pensar que, de surgir la misma controversia en el futuro, nuevamente se tornará académica antes de que un tribunal la adjudique. J.J. Álvarez González, Derecho constitucional de Puerto Rico y relaciones constitucio-nales con los Estados Unidos, Bogotá, Ed. Temis, 2009, pág. 186.
Por su parte, el Profesor Tribe, al analizar la jurispru-dencia sobre academicidad del Tribunal Supremo federal, apunta lo siguiente:
The Court has described the “capable of repetition, yet evading review” doctrine as applying only to “ £exceptional situations’ ” where the following two circumstances are simultaneously present: “ £(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again.’ ” (Citas omitidas, énfasis en el original suprimido y énfasis suplido.) L.H. Tribe, American Constitutional Law, 3ra ed., Nueva York, Ed. Foundation Press, 2000, V. I, pág. 349.
A la luz de lo anterior, es forzoso concluir que la excep-ción de recurrencia no aplica en el presente caso. Si bien es cierto que la controversia que en un momento dado existió entre Borinquen Container Corp. y el C.R.I.M. es susceptible de repetirse entre otros contribuyentes y esa misma *167 agencia, resulta claro que, de ese ser el caso, el asunto no evadiría la revisión judicial.
A idéntica conclusión llegamos en Pueblo v. Pagán Medina, supra. Frente a este señalamiento y en un intento por validar su decisión en aquel caso, el Tribunal ha pro-curado distinguir el presente caso de Pagán Medina en el esc. 1 de su Resolución. Sobre este particular, basta seña-lar que nos reafirmamos en lo allí señalado. En aquel caso, entendimos que no se suscitaban las “características ex-cepcionales” que justifican la aplicación de la excepción de recurrencia. No se trataba del tipo de controversia que, por su propia naturaleza, se tornaría académica antes de poder ser objeto de revisión judicial.
A la luz de nuestra posición en aquel entonces, no pode-mos suscribir todos los fundamentos de la Resolución emi-tida por el Tribunal. No obstante, concurrimos con su resultado.

 Es menester señalar que en Pueblo v. Pagán Medina, 177 D.P.R. 842 (2010), este Tribunal entendió que debido a unas circunstancias (“happenstance”), el caso ciertamente se había tornado académico. No obstante, aunque académico, el caso era justiciable porque, a nuestro juicio, existía una “característica excepcional” que con-vertía la controversia en una recurrente y capaz de evadir la revisión judicial. De manera que el asunto se reduce a qué constituye esa “característica excepcional” que señalamos en Pueblo v. Pagán Medina, supra, característica que en el caso de autos no existe. De igual manera resolvimos recientemente en Moreno v. Pres. U.P.R. II, 178 D.P.R. 969 (2010).